USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

UNITED STATES OF AMERICA

    - against -

THOMAS WARE,

           Defendant.

-----------------------------------------X

04 Cr. 1224-01 (RWS)

OPINION

A P P E A R A N C E S:

        MICHAEL J. GARCIA
        United States Attorney for the
          Southern District of New York
        U.S. Attorney's Office, SDNY
        One St. Andrew's Plaza
        New York, NY 10007
        By:  Maria E. Douvas, Esq.
            Nicholas S. Goldin, Esq.


        Defendant Pro Se

        Thomas Ware, Esq.
        Reg. No. 56218-019
        MDC Brooklyn
        P.O. Box 329002
        Brooklyn, NY  11232

**Sweet, D.J.**

On November 21, 2007, Thomas Ware, a/k/a Ulysses
Thomas Ware ("Ware" or "Defendant") was convicted by a jury of
three counts of criminal contempt, in violation of 18 U.S.C. §
401(3). Ware has since made a long series of convoluted and
frivolous motions, some of which have already been dismissed.
The remaining motions are disposed of here.

On December 9, 2008, the Court issued its draft
sentencing opinion, which sentences Ware to 97 months'
imprisonment, 37 of which are to be served concurrently with the
sentence Ware is currently serving, and three years' supervised
release. The sentencing hearing scheduled for December 9, 2008,
was adjourned to January 22, 2008, and Ware's shadow counsel,
James Roth, was relieved. On December 10, 2008, Lisa Scolari
was substituted as shadow counsel.

## Ware's Various Motions Are Denied

On October 7, 2008, Ware filed a "Motion to Vacate and
Set-Aside for Ineffective Assistance of Counsel and a Finding of
Probable Cause for the Issuance of Federal Arrest Warrants."
(Docket No. 60). Ware's claim of ineffective assistance of

1

counsel is based on purported ineffective assistance by the privately retained law firm that represented Ware during the initial phase of this case. In May 2007, after confirming that Ware was knowingly, intelligently, and voluntarily waiving his right to counsel, this Court granted his request to proceed pro se, relieving the lawyers that are the subject of this motion. From that point forward, Ware defended himself on his own behalf. He had more than ample opportunity to pursue the strategies that he now criticizes his former attorneys for not pursuing. To the extent that his former attorneys were somehow ineffective (and Ware has not provided any basis for such a finding), Ware cannot show that he was prejudiced by their conduct.

Ware has also moved, on October 15, 2008, for disclosure of the presentence report (the "PSR"). (Docket No. 61). As his subsequent motions make plain, Ware has received the PSR. By this motion, Ware has also moved for my referral to the Judicial Council for misconduct. The Court has already denied Ware's recusal motion that was based in part on Ware's allegations of a vast criminal conspiracy against him. See Order Denying Mot. Recusal, Oct. 7, 2008. This motion appears

to be based on the same allegations, and is denied on the same
basis.[1]

On November 6, 2008, Ware moved for "Complete
Disclosure of all Information used to Calculate Loss in
Paragraph Thirty Two (32) of the Improperly Disclosed PSR," made
objections to the PSR, and requested a Fatico hearing. (Docket
No. 63). On November 17, 2008, Ware moved to dismiss the
indictment and made further objections to the PSR, a second
request for a Fatico hearing, and requested production of
documents. (Docket No. 65). Ware again moved to dismiss the
indictment for lack of subject matter jurisdiction on November
24, 2008. (Docket No. 67). On November 24, 2008, Ware filed a
"Motion to Dismiss Indictment for Double Jeopardy Reasons, and
to Order a Magistrate Judge to Issue Federal Arrest Warrants for
Probable Cause for 18 USC § 241, 242, 18 USC § 371, 18 USC § 201
et al." (Docket No. 68). On December 17, 2008, Ware filed a
document entitled "Ware's Third Objections to the PSR Dated
August 28, 2008; Objections to the Government's Sentencing
Memorandum Dated September 15, 2008; Second Request for

---

[1] The Court has also received "Ware's Motion for the Issuance of Federal
Arrest Warrants for Robert W. Sweet, Nicholas Goldin and Maria Douvas for
Violation of 18 USC § 1201 (Kidnapping), 18 USC § 1201(c) and 18 USC § 1202
and 18 USC §§ 241, 242; and Referral of Nicholas Goldin and Maria Douvas to
the Public Integrity Section of the U.S. Department of Justice." This
document does not appear to have been officially filed. In any event, the
motion relies on the same allegations of far-reaching conspiracy, and is
subject to dismissal for the same reasons as the above-referenced motions.

3

Documents Used to Validate Information in PSR Dated August 28,
2008 and Government's Sentencing Memorandum Dated September 15,
2008." (Docket No. 72). This motion seeks production of a wide
array of documents, requests a Fatico hearing with regard to a
number of issues, and raises a variety of objections to the
accuracy of the PSR. On December 23, 2008, Ware filed a
document entitled "Ware's Initial Objections to the Sentencing
Opinion Dated December 9, 2008, and Demand for a Fatico Hearing
and Motion to Dismiss the Indictment." (Docket No. 74).

       The motions to dismiss the indictment are frivolous,
and are denied.

       Ware seeks, inter alia, all information used in the
PSR to calculate the applicable loss amount for Guidelines
purposes. The Government has made a submission demonstrating
that sufficient evidence of the loss amount has been made part
of the trial record. Under the Guidelines, if loss amount is
between $1 million and $2.5 million, the offense level is
increased by 16 levels. The PSR states the amount of loss as
$1.1 million. The figure is based on the total amount loaned by
the four investor-plaintiffs to Internet Venture Group, which
was the predecessor to Group Management Corp, the company Ware
eventually controlled. The Government has attached the four

                                  4

convertible notes reflecting the combined $1.1 million loan.
The Court also notes that Judge Sand awarded more than $1.4
million in damages to the four investor-plaintiffs.  A certified
copy of the judgment was entered into evidence at trial in this
case.

Ware frivolously and conclusorily disputes numerous
factual statements in the PSR, ignoring the trial evidence and
jury verdict.  For example, Ware claims there is no proof "in
the official record" of the statements in paragraph 14 that on
November 25, 2002, Judge Sand granted summary judgment in favor
of the plaintiff-investors and ordered Group Management Corp. to
honor conversion requests.  Government Exhibit 7, admitted at
trial, is a certified copy of Judge Sand's November 25, 2002
summary judgment order and injunction.  Ware's other factual
objections to the PSR are similarly without merit, and contrary
to the record at trial.

Ware's requests for a Fatico hearing as to various
factual issues are denied for the same reason.  The Court
presided over a lengthy trial involving the facts Ware now
disputes, and Ware has had ample opportunity to press his
arguments in copious post-trial motions.  See United States v.
Guang, 511 F.3d 110, 122 (2d Cir. 2007) ("The district court is

5

not required, by either the Due Process Clause or the federal
Sentencing Guidelines, to hold a full-blown evidentiary hearing
in resolving sentencing disputes. All that is required is that
the court afford the defendant some opportunity to rebut the
Government's allegations." (quotations omitted)). There is no
disputed material issue of fact related to loss amount, or any
of the other issues raised by Ware, that requires an evidentiary
hearing. Nor is there any need to obtain statements from the
investor-plaintiffs.

Ware also objects to an increase in his criminal
history category under the Sentencing Guidelines based on his
securities fraud conviction before Judge Pauley. His objection
is based on the claim that the judgment signed by Judge Pauley
is somehow invalid and thus his conviction in that case does not
count for criminal history purposes. The argument is without
merit.

On December 12, 2008, Ware filed a "Motion for an
Order for the Immediate Return of His Case File; and for a Fine
of $500.00 Per Day Imposed on Edward T.M. Garland, Esq. Until
Said Case File is Returned to Ware." (Docket No. 73). In this
motion, Ware contends that he requested, on November 10, 2008,
that his former attorney, Garland, forward to Ware his complete

case file in order for Ware to prepare for the sentencing

hearing in this case. Ware represents that as of December 5,

2008, he had not received the case file. However, on December

9, 2008, Ware informed the Court that he had received the file

on December 8, 2008. Ware's motion is therefore mooted to the

extent that it seeks production of the case file. Because

Ware's sentencing has been adjourned until January 22, 2009,

Ware has had ample opportunity to review the documents in

advance of his sentencing hearing. To the extent the motion

seeks a fine, it is denied.


In summary, Ware's motions corresponding to Docket

Nos. 60, 61, 63, 65, 67, 68, and 72-74 are denied.


It is so ordered.


**New York, NY**
**January /4/, 2009**

ROBERT W. SWEET
U.S.D.J.