UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

    - against -

THOMAS WARE,
               Defendant.

------------------------------------------X

04 Cr. 1224-01(RWS)

OPINION

A P P E A R A N C E S:

    MICHAEL J. GARCIA
    United States Attorney for the
      Southern District of New York
    U.S. Attorney's Office, SDNY
    One St. Andrew's Plaza
    New York, NY 10007
    By:  Maria E. Douvas, Esq.
         Nicholas S. Goldin, Esq.


    Defendant Pro Se

    Thomas Ware, Esq.
    Reg. No. 56218-019
    MDC Brooklyn
    P.O. Box 329002
    Brooklyn, NY  11232

**Sweet**, D.J.

On January 13, 2009, Defendant Thomas Ware (the "Defendant" or "Ware") made yet another submission, entitled "Ware's Fourth Objections to the PSR dated August 28, 2008; Second Objections to the Sentencing Opinion Dated December 9, 2008; Objections to the Goverrnment's [sic] Sentencing Memorandum dated September 15, 2008, ('Memo-1') and Objections to the Government's Submission dated November 26, 2008 ('Memo-2')" in advance of his sentencing in this case, scheduled for January 27, 2009. The document is largely dedicated to challenging his conviction for criminal contempt, and facts and legal determinations made in the underlying proceedings, as to which Ware demands an evidentiary hearing. Ware also demands a hearing as to the facts underlying his prior conviction listed in the pre-sentence report, and that the Honorable Leonard B. Sand and a host of others be referred to the U.S. Attorney's Office for criminal prosecution for conspiracy to commit crimes including securities fraud, kidnapping, obstruction of justice, perjury and bribery, and makes certain challenges to his indictment. Ware has made the same or similar arguments in his copious prior submissions, and his present request for an evidentiary hearing is denied on the same bases as stated in the Court's prior opinions.

Ware also accuses this Court of a diversity of wrongdoing, including failure to make an express finding that Ware's affidavit attached to his motion filed September 23, 2008, was insufficient as a matter of law, engaging in racial discrimination in the selection of the jury, and engaging in illegal ex parte communications with certain Assistant United States Attorneys.  These arguments, too, are attempts to revisit prior motions, and are similarly rejected.

Ware's submission does raise one new issue: whether the Court's draft sentencing opinion, issued December 9, 2008, correctly described criminal contempt as a Class A felony. There is no statutory maximum sentence for criminal contempt, and the plain language of 18 U.S.C. § 3559 indicates that it should therefore be classified for sentencing purposes as a Class A felony. See 18 U.S.C. § 3559(a) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is -- (1) life imprisonment, or if the maximum penalty is death, as a Class A felony; . . . ."). However, in United States v. Carpenter, 91 F.3d 1282 (9th Cir. 1996), the Ninth Circuit built on the familiar proposition that criminal contempt is an "offense sui generis," Cheff v. Schnackenberg,

2

384 U.S. 373, 380 (1966), neither a felony nor a misdemeanor, to hold that classifying criminal contempt as a Class A felony would be "unreasonable" in view of the fact that Congress views all such felonies as extraordinarily serious crimes. The Ninth Circuit therefore created its own approach for classifying criminal contempt for sentencing purposes, holding that the offense should be classified on an *ad hoc* basis according to the applicable Guidelines range for the most nearly analogous offense in a given case. Carpenter, 91 F.3d at 1285; see also United States v. Love, 449 F.3d 1154, 1157-59 (11th Cir. 2006) (Barkett, J., concurring) (endorsing Carpenter approach).

As the Honorable William J. Zloch pointed out in United States v. Mallory, 525 F. Supp. 2d 1316 (S.D. Fla. 2007), the Ninth Circuit's approach, sensible as it may be, ignores the plain language of section 3559. Judge Zloch noted that the court may only ignore the plain meaning of a statute if it is "truly absurd." See id. at 1323, citing CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1228 (11th Cir. 2001) ("[C]ourts may reach results inconsistent with the plain meaning of a statute if giving the words of a statute their plain and ordinary meaning produces a result that is not just unwise but is clearly absurd." (quotation omitted)); see also United States v. Am. Trucking Ass'ns, 310 U.S. 534, 543 (1940) (holding that

3

the Court may look beyond the plain meaning of a statute where it leads to absurd or futile results, or unreasonable results plainly at variance with the legislation as a whole). After engaging in a careful analysis of both <u>Carpenter</u> and Judge Barkett's concurrence in <u>Love</u>, Judge Zloch determined that the classification of criminal contempt as a Class A felony is not "clearly absurd," and held that the plain language of section 3559 therefore controls. <u>See also</u> <u>United States v. Myers</u>, 2008 WL 5155246, at *5 (4th Cir. Dec. 9, 2008) (affirming district court determination that defendant's criminal contempt offense was a Class A felony). Judge Zloch's analysis is compelling, and the sentencing opinion's classification of criminal contempt as a Class A felony will therefore stand.

It is so ordered.

**New York, NY**
**January 26, 2009**

_____
ROBERT W. SWEET
U.S.D.J.