UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

    -against-                                  04 Cr. 1224

ULYSSES THOMAS WARE,                OPINION
a/k/a THOMAS WARE,

            Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Government

    PREET BHARARA
    United States Attorney for the
        Southern District of New York
    One St. Andrew's Plaza
    New York, NY 10007
    By: Nicholas S. Goldin, Esq.

    Pro Se

    THOMAS WARE
    Reg. No. 56218-019
    Atlanta Prison Camp
    P.O. Box 150160
    Atlanta, GA 30315

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/09

**Sweet, D.J.**

By letter of July 9, 2009, defendant Ulysses Thomas Ware ("Ware" or the "Defendant") sought a reference under Rule 42, Fed. R. Crim. P., of Assistant United States Attorneys Nicholas S. Goldin ("AUSA Goldin") and Maria E. Douvas ("AUSA Douvas") to the United States Attorney for prosecution for criminal contempt of the August 10, 2007 pretrial order (the "August 10 Order").[1]  Upon the findings and conclusions set forth below, the application of Ware is denied.

**Prior Proceedings**

The indictment filed against Ware for criminal contempt was tried from November 14, 2007, to November 21, 2007.  The jury returned a verdict of guilty, and Ware was sentenced on January 27, 2009, to 97 months' imprisonment and 3 years' supervised release.  The August 10 Order was a pretrial order directing the Government to produce "all exculpatory and impeachment evidence prior to trial."

---

[1] The August 10 Order was signed on August 8, 2007, and docketed August 6, 2007.

1

By ex parte letter submitted on or about November 9, 2007 (approximately one week before trial began), the Government informed the Court about certain matters it had learned about one of its trial witnesses, Jeffrey Norris, including two instances when Norris was disciplined by his employer, the Securities and Exchange Commission. In its letter the Government sought a ruling that it did not need to disclose to the Defendant the material described in the letter or, to the extent disclosure was required, a ruling that the material could not be used for cross-examination purposes.

On or about November 16, 2007, before Norris's direct examination began, the Court provided Ware with a copy of the Government's November 9, 2007 letter and gave Ware time to review the letter before hearing argument on why the material described in the letter was relevant to Norris's credibility as a witness and formed a proper basis for cross-examination. Following argument, the matters described in the Government's letter were precluded upon a determination that the evidence described was not Giglio material. See Giglio v. United States, 405 U.S. 150, 154-55 (1972).

The instant application was received on July 23, 2009, and marked fully submitted on October 14, 2009.

**The Government Procedure Was Appropriate**

The procedure used by the Government was consistent both with the August 10 Order and Second Circuit law. See United States v. Kiszewski, 877 F.2d 210, 216 (2d Cir. 1989) (approving in camera review of government agent's personnel file by district court to determine whether any information was discoverable under Giglio); United States v. Salameh, 152 F.3d 88, 131-32 (2d Cir. 1998) (affirming district court's refusal, after in camera review, to disclose government witness' prior disorderly conduct violations).

**No Grounds For a Reference Have Been Established**

The material at issue was not Giglio material; to the extent it was, consistent with the Court's August 10 Order and Second Circuit precedent, the Government disclosed it to the Court prior to trial for a determination as to whether it was Giglio material; and before precluding cross-examination using it, the Court

3

disclosed it to the Defendant and heard argument from him. AUSAs Goldin and Douvas did not violate the August 10 Order.

The application for a referral for criminal contempt prosecution is denied.

It is so ordered.

New York, NY
November 20, 2009

ROBERT W. SWEET
U.S.D.J.