```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA,

      -against-                              04 Cr. 1224 (RWS)

ULYSSES THOMAS WARE,                         OPINION
a/k/a THOMAS WARE,

                 Defendant.

-------------------------------------X


A P P E A R A N C E S:


         Attorneys for Government

         PREET BHARARA
         United States Attorney for the
              Southern District of New York
         One St. Andrew's Plaza
         New York, NY  10007
         By:  Alexander J. Wilson, Esq.


         Pro Se

         ULYSSES THOMAS WARE
         Reg. No. 56218-019
         Atlanta Prison Camp
         P.O. Box 150160
         Atlanta, GA  30315
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/11

**Sweet, D.J.**

On November 24, 2010, defendant Ulysses Thomas Ware ("Ware" or "Defendant") submitted a "Rule 33 Motion for a New Trial for Newly Discovered Evidence, and Rule 12(b)(3) Motion to Dismiss the Indictment." Defendant's motion is based on grounds identical to those raised by Defendant on appeal, which have been rejected by the Second Circuit, and it is therefore denied.

The motion consists of a two-page introduction and "Statement of Facts," followed by an exact copy of the Statement of the Case, Statement of Facts, and Summary of the Argument sections of Defendant's appellate brief. In the two new pages, Defendant restates various alleged facts that Defendant contends render invalid or unenforceable the judicial orders he violated. All of these facts were previously asserted in Defendant's appellate brief. Defendant also argues that the loss amount attributed to him at sentencing was inflated as part of a fraud by the assigned probation officer acting at the Court's order. This, too, was previously asserted in Defendant's appellate brief.

The Second Circuit rejected all grounds raised on appeal for overturning or altering Defendant's sentence. See United States v. Ware, No. 09-0851-cr, 2010 WL 4359186, at *1-3 (2d Cir.

Nov. 4, 2010). The Second Circuit reaffirmed that "the fact that an order might have been subject to reversal is not a defense to a criminal contempt charge," disposing of Defendant's claims based on the supposed invalidity or unenforceability of the underlying orders. Id. at *1 (quoting In re Criminal Contempt Proceedings Against Crawford, 329 F.3d 131, 139 (2d Cir. 2003)). Moreover, the Second Circuit was clear that it had considered and rejected all of the grounds raised by Defendant, even those not specifically discussed in its opinion. Id. at *3 ("We have considered Ware's remaining arguments and find them to be without merit.").

Defendant may not relitigate these issues. See United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993))).

Accordingly, Defendant's motion is denied.

It is so ordered.

New York, NY  
January /9, 2011

ROBERT W. SWEET  
U.S.D.J.

2