UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

ULYSSES THOMAS WARE, a/k/a
THOMAS WARE,

Defendant.

**OPINION & ORDER**

04 Cr. 1224 (ER)
05 Cr. 1115 (ER)

---

RAMOS, D.J.:

Before the Court is the Government's motion to apply money from Ware's appearance bond to his outstanding debts in the above-captioned matters. For the reasons discussed, the Government's motion is GRANTED in part and DENIED in part.

I.     BACKGROUND

Familiarity with Ware's underlying criminal proceedings is assumed. As of the date of the Government's motion, Ware had an outstanding debt to the Government of $47,845.66, stemming from fines and special assessments in the above captioned cases. *See* Doc. 251, Declaration of Melissa Childs, at ¶¶ 5–6.[1] There is currently $50,000 in cash bail that remains on deposit in the Court's registry, which was posted in connection with Case No. 05 Cr. 1115. *Id.* ¶¶ 4, 7. Of this $50,000, $25,000 was posted by Ware and $25,000 was posted by his mother, Mary Sue Ware.

On May 12, 2021, the Government moved to apply this money toward Ware's outstanding debt pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3613. Doc. 250. It also requested that any surplus funds go toward reimbursement of the cost of his representation

---

[1] Unless otherwise noted, all references to "Doc. _" refer to docket entries in Case No. 05 Cr. 1115.

pursuant to the Criminal Justice Act ("CJA").  *See* 18 U.S.C. § 3006A(f).

Ware opposed this motion, arguing that all criminal proceedings against him are void.[2] *See* Docs. 267, 285.  He has also since made dozens of filings to this Court on a variety of issues, many of which appear to be renewed applications relating to issues that have long lain dormant in his now-closed criminal cases.  *See, e.g.*, Doc. 276 at 12 (alleging that the SEC, United States Attorney's Office, and judges in this district are engaged in a criminal conspiracy against him); Doc. 303 at 3–4 (arguing that the Court has no subject matter jurisdiction over this case).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2044, "[o]n motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant."  Section 2204 does not apply to third party sureties.  *Id.*

## III.   DISCUSSION

### a.   The Government's § 2044 Application

Section 2044 provides that the Court "shall" order bail money belonging to and deposited by or on behalf of Ware to his outstanding fines.  The undisputed evidence shows that Ware himself posted $25,000 on May 10, 2007.  Doc. 270-3.  Thus, the Government is entitled to apply $25,000 to Ware's judgments under the plain text of § 2044.

The Court acknowledges that some courts have interpreted § 2044 as a codification of district courts' long-held *discretion* to apply a defendant's bail funds toward judgments, rather

---

[2] His opposition is fashioned as a "cross-motion" to exonerate bail under Fed. R. Crim. P. 46(g).  This does not impact the Court's analysis under § 2044.  *See United States v. Brummer*, 405 F.App'x 554, 555 (2d Cir. 2011) (applying § 2044 in response to a motion to exonerate bail).

than a command that such payments be applied. *See United States v. Shkreli*, No. 15 Cr. 637 (KAM), 2018 WL 3425286, at *2 (E.D.N.Y. July 10, 2018); *see also United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996) ("According to the statute, a court does not have to grant a request to transfer bail funds; rather, the statute gives a court complete discretion in deciding such a matter."). Here, however, the Court would still exercise its discretion to apply the bail funds toward Ware's fine even if § 2044 were not mandatory, because the entry of judgment in Ware's cases created a lien on his property. *See* 18 U.S.C. § 3613(c). While 18 U.S.C. § 3613(a) describes property that is exempt from such a lien, there is no such exemption for cash bail in this situation. Accordingly, the Court independently finds that the Government's interest in asserting its lien is sufficient grounds for applying the money posted by Ware toward his outstanding fine. *See Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002) (the Government's lien on seized money pursuant to § 3613 outweighed the defendant's interest in return of the property). The Government's motion is therefore granted as to the $25,000 posted by Ware.

On the other hand, the $25,000 posted by Ware's mother, Mary Sue Ware, would ordinarily not be subject to § 2044 because it was not posted by Ware himself. *See Equere*, 916 F. Supp. 450 at 452 (funds posted by and belonging to a third party could not be applied to the defendant's fine). However, the Government has submitted evidence showing that Ware's mother passed away on January 27, 2011. *See* Doc. 270-2 (Mary Sue Ware's death certificate). According to the copy of Mary Sue Ware's Last Will and Testament submitted by the Government, Mary Sue Ware bequeathed "all the rest and residue of my estate of every kind and description . . . which I may own or to which I may be entitled to at the time of my death . . . to my three children, Glinda S. Ware, Michael Ware and Thomas Ware, in equal parts per stirpes."

Doc. 270-4 at 1.  Ware signed his opposition brief on behalf of himself "individually and as the legal representative for the estate of third party surety Mary S. Ware," *see, e.g.*, Doc. 267, but the underlying records show that Ware's sister Glinda—and not Ware—was appointed as representative of the estate.  Doc. 270-6.  The estate closed on October 17, 2014 and Glinda was relieved from all liability.  Doc. 270-7 at 3.  On June 24, 2021, the Government sent a letter to Glinda and Michael Ware to provide them notice of this motion.  Doc. 270-8.  As of the date of this order, neither had responded to the motion.

As set forth above, only one-third of the $25,000 posted by his mother, or $8,333.33, was bequeathed to Ware under the plain terms of the Will, and can thus be said to "belong[] to" him.  *See* 18 U.S.C. § 2044.  However, Ware's inheritance from his mother is also subject to the liens created by the judgments against him.  *See Drye v. United States*, 528 U.S. 49, 56 (1999) (inheritances are not exempt from tax liens); 18 U.S.C. § 3613(c) (judgment liens from fines are the functional equivalent of tax liens).  The other $16,666.67, however, was bequeathed to Glinda and Michael Ware under the Will.  Having received no response to the Government's letter from either of Ware's siblings, the Court orders Ware's share of $8,333.33 to be applied toward his unsatisfied judgments.  The other $16,666.67 shall remain in the court's registry unless and until Ware's siblings seek its return to them.

        **b.**     **Ware's Other Filings in this Case**

Most of Ware's fifty-page opposition to the Government's motion focused on issues irrelevant to the government's motion.  *See, e.g.*, Doc. 267 at 20 (arguing that the Government has no standing to seek any judicial relief).  Moreover, since the Government's motion was filed, Ware has made dozens of submissions to this Court about issues bearing no relation to the bail motion, many of which appear to be requests to re-litigate years-old determinations in the

4

underlying criminal cases.

A review of the docket makes clear that this is not the first time that Ware has inundated presiding judges with frivolous and vexatious filings, and prior judges in each of these cases have specifically prohibited him from making new motions or letters without leave of the Court. *See* Doc. 222; *see also* Case no. 04 Cr. 1224 Doc. 160. Pursuant to these orders, no leave has been granted for Ware to make any motions or other submissions that are not responsive to the bail motion before the Court. Thus, the Court will not consider any further relief sought by Ware.

### IV.    CONCLUSION

The Government's motion to apply bail money to Ware's outstanding fines is granted in part and denied in part. The Clerk of Court is respectfully directed to disburse a total of $33,333.33 to the United States Attorney's Office to apply toward Ware's outstanding fines owed, first to the judgment in Case No. 05-cr-1115 and any remaining funds to the judgment in Case No. 04-cr-1224. The Clerk of Court is further directed to terminate the following motions: docket numbers 169 and 174 in Case No. 04-cr-1224, and docket numbers 250 and 255 in Case No. 05-cr-1115. The Clerk of Court is respectfully directed to mail a copy of this order to Ware. No further relief sought by Ware will be considered.

It is SO ORDERED.

Dated:   July 28, 2021
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.