UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-*against*-

ULYSSES THOMAS WARE, a/k/a
THOMAS WARE,

　　　　　　　　　Defendant.

**ORDER**

04 Cr. 1224 (ER)
05 Cr. 1115 (ER)

---

RAMOS, D.J.:

On July 28, 2021, the Court granted in part and denied in part the Government's motion

to apply money from Ware's appearance bond toward his outstanding debt pursuant to 18 U.S.C.

§ 2044 and § 3613, which stemmed from the judgments against Ware in the above-captioned

cases.  *See* Doc. 222.[1]  The Court assumes familiarity with this decision and Ware's underlying

criminal proceedings.  Ware has moved under Local Rule 6.3 and Fed. R. Civ. P. 59(e) to

reconsider the decision.  Ware has also moved to reconsider the Court's August 5, 2021 order

reminding him of the filing injunctions originally entered by Judge Pauley and Judge Sweet.  *See*

Doc. 225.[2]  For the reasons discussed, Ware's motion is DENIED.

While the Federal Rules of Criminal Procedure provide no mechanism to move to

reconsider a decision in a criminal case, "motions for reconsideration in criminal cases have

---

[1] Unless otherwise noted, citations to "Doc. _" refer to docket entries in Case No. 04 Cr. 1224.  The decisions discussed herein also appear in another of Ware's criminal cases, 05 Cr. 1115.

[2] In this order, the Court reminded Ware that, based on his history of voluminous frivolous filings, prior judges in the above-captioned cases have entered leave-to-file orders, which remain in place.  Pursuant to these orders, Ware continues to be prohibited from filing new motions or letters in these cases without leave of the Court.  The Court has docketed and will consider the instant motion only because Ware challenges the Court's decision regarding *the Government's* motion to apply money from his appearance bond to his outstanding fines—a motion the Government was permitted to file and to which Ware was permitted to respond.  *See* Case No. 05 Cr. 1115 at Docs. 250, 253. However, the Court's consideration of the Government's motion in no way changes the leave-to-file orders applicable to Ware, which otherwise remain in place.  Moreover, in light of the denial of the instant reconsideration request, no further challenges to the Government's motion will be permitted.

traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d

385, 388 (S.D.N.Y. 2006).  In doing so, the Court applies the same standard found in Local Rule

6.3.  *Id.* at 389.  That is, a motion to reconsider will be denied unless "the moving party can point

to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995)).  Under Local Rule 6.3, any notice of motion must be served within

fourteen days of the determination of the original motion.

Ware's motion is dated August 24, 2021.  Because this motion has been made more than

fourteen days after the entry of these orders, it is time-barred under Local Rule 6.3.

However, even if it were not time-barred, the Court would deny the motion.  Ware's only

argument that is conceivably related to the Court's July 28 Order is that "[18 U.S.C. § 3613] has

a ten (10) year statute of limitations to initiate any lien enforcement via a court proceed[ing]."

Doc. 226 at 6.  However, the plain text of § 3613 provides that "[a judgment lien] arises on the

entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside,

or is terminated [pursuant to § 3613(b)]." 18 U.S.C. § 3613(c).  It is undisputed that the

judgments in these cases were entered within the last 20 years; thus, the Government's motion

under § 3613 was proper.  In any event, even if this were not the case, the application of the

funds was still proper under § 2044.

Moreover, while Ware also argues that he was given no opportunity to be heard regarding

the Court's August 5, 2021 Order, this order merely reiterated the previous filing injunctions

ordered by Judge Sweet and Judge Pauley, which have been in place for several years and have

never been reversed.  The remainder of Ware's arguments have nothing to do with the § 2044

order and are attempts to re-litigate issues pertaining to his underlying conviction, such as his

position that the Court lacks all subject matter jurisdiction over these matters.  The Court

identifies no basis to deviate from prior orders upholding his conviction and instructing him to

cease raising issues that have already been addressed by the Court and Second Circuit.  *See, e.g.*,

Doc. 110 at 2 (rejecting Ware's attempt to re-litigate issues addressed by the Second Circuit in

its 2010 mandate upholding his conviction in Case No. 1224).

Ware also invokes Fed. R. Civ. P. 59(e), under which an individual may file a motion to

alter or amend a judgment within 28 days of entry of such judgment.  It is not clear that a Rule

59(e) motion is available to Ware under these circumstances, given that neither of the disputed

orders issued or amended the terms of the longstanding final judgments in the instant criminal

cases.[3]  Rather, the Court's July 28 order only permitted the Government to apply certain funds

toward the satisfaction of the existing judgments—the substance of which remains unchanged.

However, even assuming *arguendo* that there is a proper procedural mechanism for Ware to raise

this motion, Ware's arguments fail for the reasons discussed above.

Ware's motion to reconsider is DENIED.  The Clerk of Court is respectfully directed to

terminate the motions, Doc. 226 in Case No. 04 Cr. 1224 and Doc. 308 in Case No. 1115, and

mail a copy of this order to Ware.

It is SO ORDERED.

Dated:   August 27, 2021
           New York, New York

_____
                                   EDGARDO RAMOS, U.S.D.J.

---

[3] It is true that in the Second Circuit, a motion to reconsider a ruling under 28 U.S.C. § 2255 may be construed as a motion under Rule 59(e) if filed within ten days, and under Rule 60 if filed thereafter.  *See United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993).  However, neither of the instant orders were determinations under § 2255.