UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULYSSES T. WARE,<br><br>                              Petitioner,<br><br>          -against-<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                              Respondents. | 22-cv-3409 (ER)<br><br>04-cr-1224 (ER)<br><br>05-cr-1115 (ER)<br><br>**ORDER** |

RAMOS, D.J.:

  Petitioner Ulysses T. Ware ("Ware"), who presently resides in Brooklyn, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the validity of two convictions in this Court.  Ware initially filed his petition on March 21, 2022, in the United States District Court for the Eastern District of New York; however, on April 21, 2022, the Eastern District transferred the action to this Court.  (ECF 22.)  In his petition, Ware challenges his April 30, 2007, conviction of securities fraud and conspiracy to commit securities and wire fraud in *United States v. Ware*, No. 05-cr-1115 (S.D.N.Y. Oct. 30, 2007), and his November 21, 2007, conviction of three counts of criminal contempt of court in *United States v. Ware*, No. 04-cr-1224 (S.D.N.Y. Feb. 2, 2009).  Among other things, the petition specifically asks the Court to:  order the respondents to cease all enforcement of the final judgments in his criminal cases; vacate his convictions and sentences; grant him a new trial; dismiss the underlying indictments for various alleged violations; schedule and hold various evidentiary hearings; and grant him "a compensatory civil contempt money judgment in the sum certain amount of $2.225 billion dollars."  (ECF 1 at 1–4.)

  As explained below, the Court:  (1) denies Ware's motions for the undersigned's recusal from this action; (2) severs the petition into two separate motions brought under 28 U.S.C. § 2255, the appropriate vehicle to challenge the legality of a federal sentence;

(3) directs the Clerk of Court to open a new civil action to consider Ware's challenge to the conviction under docket number 04-cr-1224; (4) provides Ware with the opportunity to withdraw the two motions, *see Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*); (5) directs Ware to submit an amended motion in each action stating all of his grounds for relief and showing that the applications are timely; (6) dismisses the improperly named respondents; and (7) directs the Clerk of Court to terminate all other pending matters in this action.

## BACKGROUND[1]

Ware has a two decade-long history as a party to various civil and criminal actions in this Court. Throughout that time, Ware has challenged and failed to comply with numerous orders issued by Judge Leonard B. Sand, Judge Robert W. Sweet, Judge William H. Pauley III, Judge Colleen McMahon, and the undersigned.

The first of these cases was *Alpha Capital Aktiengesellschaft et al. v. Group Management Corp. et al.*, No. 02-cv-2219, wherein various plaintiffs claimed that defendant Group Management Corp. ("GMC"), a party to various loan agreements, was in default of those agreements. *See* ECF 1:04-cr-1224, 1 ¶¶ 9–12. Ware served as the chief executive officer of GMC. *See id.* ¶¶ 15–17. Judge Sand entered judgment against GMC on November 25, 2002, citing "Defendant's repeated and willful violations of the Court's orders, its precarious financial position, and its failure to propose any reasonable alternative to secure Plaintiffs' claims," thereby concluding that plaintiffs were entitled to recover the requested damages.[2] *See* ECF 02-cv-2219, 50, 54. Thereafter, Judge Sand held GMC and its directors, including Ware, in civil contempt for "their disobedience of the Order and Judgment of this Court of 11/25/02." *Id.* at 58. The Court ordered Ware's

---

[1] The Court assumes familiarity with Ware's underlying criminal proceedings and summarizes the facts most relevant to the issues at hand.

[2] The Court noted that it considered the Second Circuit's "caution that default judgment is 'strong medicine.'" ECF 02-cv-2219, 50. "In this case, however," the Court stated, "strong medicine is entirely appropriate." *Id.*

2

arrest. *See id.* at 61. Ware continued to disregard the Court's orders throughout 2003, and Judge Sand referred the matter to the United States Attorney to prosecute criminal contempt against Ware and other defendants.[3] ECF 1:04-cr-1224, 1 ¶¶ 26; ECF 02-cv-2219, Docket Entry dated Dec. 4, 2003.

Thereafter, the Government brought two criminal cases against Ware. First, upon the reference from Judge Sand, the Government brought criminal contempt charges against him in 2004. *United States v. Ware*, ECF 1:04-cr-1224, 1. The Government subsequently brought securities fraud charges against him in 2005. *United States v. Ware*, ECF 1:05-cr-1115, 7. The Court briefly discusses the convictions and subsequent litigation that stemmed from those cases.

A.  *United States v. Ware*, No. 05-cr-1115 (S.D.N.Y. Oct. 30, 2007) (*Ware I*)

On April 30, 2007, following a jury trial before Judge Pauley, Ware was convicted of securities fraud, in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371. On October 26, 2007, Ware was sentenced to 97 months of imprisonment, to be followed by a three-year term of supervised release, a fine of $25,000, and forfeiture of $228,388. *See Ware I*, ECF 1:05-cr-1115, 96. Ware appealed the conviction to the United States Court of Appeals for the Second Circuit, and the Second Circuit affirmed the conviction but remanded the matter for further proceedings regarding Ware's sentence, specifically for a determination regarding whether there was a sufficient factual basis for applying the four-level role enhancement under Section 3B1.1(a) of the Sentencing Guidelines. *United States v. Ware*, 577 F.3d 442 (2d Cir. 2009), *cert. denied*, 562 U.S. 995 (2010), *rehearing denied*, 562 U.S. 1174 (2011). On August 12, 2010, Judge Pauley declined to alter Ware's sentence, concluding that the

---

[3] *Alpha Capital Aktiengesellschaft et al. v. Group Management Corp. et al.* was reassigned to Judge McMahon in April 2019. In an order dated May 17, 2019, Judge McMahon reiterated the Court's various orders prohibiting Ware from flooding the Court with frivolous motions, letters, and memoranda. ECF 02-cv-2219, 120.

3

four-level leadership role enhancement was warranted. *Ware I*, ECF 1:05-cr-1115, 149. Ware appealed, and on January 28, 2011, the Second Circuit affirmed the judgment. *United States v. Ware*, 415 F. App'x 259 (2d Cir. 2011). Ware then filed a series of applications and motions that were unsuccessful.[4]

**B.    *United States v. Ware*, No. 04-cr-1224 (S.D.N.Y. Feb. 2, 2009) (*Ware II*)**

On November 21, 2007, following a jury trial before Judge Sweet, Ware was convicted of three counts of criminal contempt, in violation of 18 U.S.C. § 401(3), for disobeying and resisting three lawful orders entered by Judge Sand in *Alpha Capital Aktiengesellschaft v. Group Management Corp.*, No. 02-cv-2219 (LBS) (S.D.N.Y. Dec. 22, 2003). On February 2, 2009, Ware was sentenced to 97 months' imprisonment, 37 months to run concurrently with his sentence in *Ware I*, No. 05-cr-1115, and 60 months to be served consecutively. *See Ware II*, ECF 1:04-cr-1224, 90. On appeal, the Second Circuit affirmed the judgment. *See United States v. Ware*, 399 F. App'x 659 (2d Cir. Nov. 4, 2010). Ware's subsequent motions and requests for reconsideration in this case were also unsuccessful.

**C.    The Government's Motion Regarding Outstanding Custody Debt**

More than a decade later, in May 2021, the Government filed a motion to apply money from Ware's appearance bond to his outstanding debts in *Ware I* and *Ware II*, pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3613. *See Ware II*, ECF 1:04-cr-1224, 169. It also requested that any surplus funds go toward reimbursement of the cost of his

---

[4] On November 27, 2013, Judge Pauley issued an order directing the Clerk of Court to close all pending motions in his case and refrain from opening any new motions absent an order from the Court. *Ware I*, ECF 1:05-cr-1115, 222 (S.D.N.Y. Nov. 26, 2013). Judge Pauley emphasized that after Ware was convicted, he had filed "almost one hundred *pro se* letters and motions – all equally without merit." *Id.* Ware was prohibited from filing new motions and other correspondence in *Ware I*, the criminal action, without leave of court. *Id.* Judge Sweet also cautioned Ware about burdening the Court with frivolous filings in *Ware II*, and eventually directed that no further action would be taken on his submissions. *See United States v. Ware*, ECF 1:04-cr-1224, 130, 2014 WL 1330656, at *1 (S.D.N.Y. Mar. 28, 2014). The Second Circuit has also entered a leave-to-file sanction against Ware. *See United States v. Ware*, Nos. 07-5222 (L), 07-5670 (Con) (2d Cir. Nov. 5, 2010).

4

representation pursuant to the Criminal Justice Act ("CJA").[5]  *Id.*  The Court granted in part and denied in part the Government's motion on July 28, 2021.[6]  *See United States v. Ware*, Nos. 1:04-cr-1224, 05-cr-1115 (ER), 2021 WL 3188248, at *1 (S.D.N.Y. July 28, 2021).  The Court also noted that Ware made "dozens of submissions to this Court about issues bearing no relation to the bail motion, many of which appear to be requests to re-litigate years-old determinations in the underlying criminal cases." *Id.*, at *2.  The Court further noted as follows:

> A review of the docket makes clear that this is not the first time that Ware has inundated presiding judges with frivolous and vexatious filings, and prior judges in each of these cases have specifically prohibited him from making new motions or letters without leave of the Court.

*Id.* (citation omitted).

The day after the Court issued its Opinion and Order, Ware filed two letters making applications for emergency relief and otherwise challenging the Court's jurisdiction over his cases.  *See Ware II*, ECF 1:04-cr-1224, 223–224.  The Court thus issued an additional short order on August 5, 2021, reiterating the earlier orders of Judge Pauley and Judge Sweet wherein Ware was prohibited from opening any further motions without leave of Court.  *Ware II*, ECF 1:04-cr-1224, 225; *see also Ware II*, ECF 1:04-cr-1224, 118, 130, 152, 160; *Ware I*, ECF 1:05-cr-1115, 222.

Shortly thereafter, Ware filed a motion to reconsider the Court's decision to grant in part and deny in part the Government's motion to apply money from Ware's

---

[5] While the motion was pending, both *Ware I* and *Ware II* were transferred to the undersigned. *Ware II*, ECF 1:04-cr-1224, 206; *Ware I*, ECF 1:05-cr-1115, 288.

[6] The Court specifically found that the Government had a sufficient interest in applying the money posted by Ware toward his outstanding fines. *Ware*, 2021 WL 3188248, at *1.  It therefore granted the Government's motion as to the portion of the bail posted by Ware himself, namely, $25,000. *Id.*  However, the Court noted that half of Ware's bail, the other $25,000, was posted by his mother, Mary Sue Ware. *Id.* at *2.  It added that, "ordinarily," the money posted by Ms. Ware would "not be subject to § 2044 because it was not posted by Ware himself." *Id.* (citation omitted).  However, because the Court was presented with evidence that Ware's mother had passed away in January 2011, the Court granted the Government's motion as to one third of the amount posted by Ms. Ware, $8,333.33, given that her Last Will and Testament bequeathed her estate to her three children—including Ware—in equal parts.  *Id.*

5

appearance bond to outstanding debts on August 25, 2021, which was denied several days later.  *See Ware II*, ECF 1:04-cr-1224, 227.

**D.      Ware's Instant § 2241 Petition**

In the instant matter, Ware has filed a 618-page over-sized petition that includes multiple attachments and memoranda of law.  (ECF 1.)  He names as respondents the United States of America; the United States Attorney General, Merrick B. Garland; six government attorneys – Lisa O. Monaco, Vanita Gupta, Damian Williams, Margaret M. Garnett, Daniel Gitner, and Audrey Strauss; the Chief Judge of this Court, Laura Taylor Swain; and the undersigned.  Ware makes numerous challenges to his convictions, including contentions that his 2004 and 2005 prosecutions were the product of government and judicial misconduct, he received ineffective assistance of counsel, he is the target of a wide ranging conspiracy, and he is innocent of the offenses of which he was convicted.  Ware seeks, among other things, the dismissal of the indictments and the vacatur of his convictions in both *Ware I* and *Ware II*.

**DISCUSSION**

**A.      Ware's Motions for Recusal**

As a preliminary matter, the Court notes that Ware has filed several motions (*see* ECF 25, 32, 42) and other requests seeking the undersigned's recusal or disqualification from this action.[7]  A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance."  *Liteky v. United States*, 510 U.S. 540, 548 (1994).

---

[7] Ware previously sought the recusal of both Judge Pauley and Judge Sweet in the underlying criminal cases, alleging judicial misconduct or that the judges were part of a conspiracy against him.  All of his recusal requests and accusations of judicial wrongdoings have been rejected, including on appeal to the Second Circuit.  *See United States v. Ware*, 577 F.3d 442, 445 (2d Cir. 2009) (rejecting Ware's contention that Judge Pauley should have recused himself as there was no basis for recusal); *Ware I*, ECF 1: 05-cr-1115, 149 (S.D.N.Y. Aug. 12, 2010) (no basis for recusal of judge); *Ware II*, 2009 WL 222377, at *1 (S.D.N.Y. Jan. 27, 2009) (same); *Ware II*, 2009 WL 102215, at *1 (S.D.N.Y. Jan. 14, 2009) (same); *Ware II*, ECF 1:04-cr-1224, 58 (S.D.N.Y. Oct. 7, 2008) (same).

That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is," *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

While a judge is generally required to disqualify himself when he "is a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), courts have held that, "[i]n order to guard against 'judge shopping,'" this rule is inapplicable where there is "no legitimate basis for suing the judge," *Tamburro v. City of East Providence*, 981 F.2d 1245 (Table), 1992 WL 380010, at *1 (1st Cir. 1992) (quoting *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table)); *see also DiMartino v. Pulice,* No. 3:16-cv-0378, 2017 WL 958391, at *2 (D. Conn. Mar. 10, 2017) ("The statute governing recusal . . . appears to mandate recusal . . . when a judge is a party to . . . a proceeding[.] However, it is clear that a judge is not disqualified . . . merely because a litigant sues or threatens to sue him." (quotation marks and citations omitted) (collecting

7

cases)); *Bauerle v. U.S. Dep't of Health & Hum. Servs.*, No. 12-cv-0532, 2014 WL 3658670, at *2 (D. Ariz. July 23, 2014) (recusal inappropriate where plaintiff sued judge in same action based on judge's prior rulings), *aff'd*, 689 F. App'x 502 (9th Cir. 2017). These principles apply when a litigant names the judge in a *habeas corpus* action, perhaps in an effort to obtain the judge's disqualification. *See Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998) ("[I]t is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to the case. That is arrant judge-shopping.").

Here, Ware fails to allege any facts suggesting that the Court's impartiality might be reasonably questioned. Ware instead makes the self-serving argument that the Court is an appropriate respondent in this action because of the bias evident in the Court's prior rulings. (*See* ECF 25, 32, 42.) But a judge's prior rulings are not a valid basis for recusal. *See Liteky*, 510 U.S. at 555 (citation omitted).

Because there is no legitimate basis for Ware's claims against the Court, recusal is not warranted. *See Palma v. United States,* No. 08-cv-0457, 2008 WL 4861707, at *4 (D.N.M. July 31, 2008) (discussing recusal and judicial immunity in detail and holding that there was no need for a judge to recuse himself from a *habeas* action in which he was improperly named as a respondent and the judge was afforded judicial immunity for actions taken in the petitioner's criminal case). The Court therefore denies Ware's motions for recusal.

**B.     Designation of the Instant Petition as Two Motions Under 28 U.S.C. § 2255**

    **1.     Ware Must Seek Relief Under § 2255**

While Ware brings this petition pursuant to § 2241, it must be construed as a motion for relief under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"). "[F]ederal prisoners generally must invoke § 2255 instead of § 2241 to challenge a sentence as violating the U.S. Constitution or

8

laws." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (citing § 2255(e)). A federal prisoner may use § 2241 to challenge the validity of a conviction or sentence, but only in exceptional circumstances; the petitioner must show that the normal remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," making § 2241 the only recourse.[8] *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quoting § 2255(e)). Section 2255 is "not inadequate or ineffective simply because the prisoner cannot meet the [Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA")] gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams*, 372 F.3d at 135 (emphasis in original); *see also Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) ("If . . . any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review.").

Ware does not present any facts to suggest that § 2255 is inadequate or ineffective to raise his challenges to his convictions and sentences. Although Ware has submitted a series of motions under various statutory provisions to dismiss the indictments and vacate his convictions, it does not appear that he has previously filed § 2255 motions challenging the convictions and sentences.[9] While such motions would be untimely

---

[8] In limited circumstances, a petitioner may bring a § 2241 petition under the savings clause if a § 2255 motion "is inadequate or ineffective to test the legality of his detention." § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Such circumstances generally occur when § 2255 is unavailable *and* "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Serious constitutional questions are triggered if a petitioner can show actual innocence and that he could not have raised the claim of innocence previously. *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (citing *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

The Second Circuit has cautioned that the exception is narrow and exists solely "to preserve *habeas corpus* for federal prisoners in those extraordinary instances where justice demands it." *Id*. Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the petitioner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

[9] In 2015, Ware filed a § 2241 *habeas corpus* petition that was denied without prejudice by then-Chief

9

under § 2255(f) – which addresses the one-year statute of limitations – the failure to satisfy this gate-keeping requirement does not render § 2255 unavailable as a matter of law. *See Adams*, 372 F.3d at 135.

In addition, Ware's conclusory assertions of innocence throughout the petition and attached papers are insufficient to trigger the actual innocence exception. Actual innocence "means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (citation omitted); *Calderon v. Thompson*, 523 U.S. 538 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence."). In order to demonstrate actual innocence, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (concluding that "actual innocence" requires a petitioner "to support his allegations of constitutional error with new reliable evidence" that was not presented at trial). Here, Ware bases his claims of innocence on arguments he has previously submitted to Judges Pauley and Sweet, such as lack of subject matter jurisdiction, ineffective assistance of counsel, or specious and self-serving arguments about the evidence presented in his criminal cases. (*See* ECF 1-2, at 17–19.) Ware's conclusory allegations of innocence are unsupported by any new evidence showing that he is actually innocent of the charges of which he was convicted. *Schlup*, 513 U.S. at 324 (noting that a claim of actual innocence must be supported by "new reliable evidence").

Because Ware fails to show that § 2255 is unavailable and that he is actually innocent of the offenses of which he was convicted, he may not challenge his convictions under § 2241, but must proceed under § 2255.

---

Judge Loretta A. Preska for his failure to pay the filing fee or submit an IFP application. *See Ware v. Drew*, No. 15-cv-8715 (LAP) (S.D.N.Y. Jan. 11, 2016). The petition was not construed as a § 2255 motion.

10

### 2. Ware Must Challenge Each Conviction in a Separate § 2255 Motion

Under Rule 2(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[a] moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." *See* R. Gov. Sec. 2255 Procs. 2(d) (*effective* Feb. 1, 1977). Under the rule, challenging two federal judgments of conviction and/or the imposition of sentences from two judgments of conviction in the same § 2255 motion is prohibited. *Id.* Therefore, to the extent Ware seeks to challenge the convictions and/or sentences in *Ware I* and *Ware II*, he must file two separate § 2255 motions. As provided below, the Court will consider the petition as two separate § 2255 motions.

### 3. Recharacterization of the Instant § 2241 Petition as Two § 2255 Motions

Before proceeding further with this action, the Court notifies Ware that the submission is being recharacterized as two separate § 2255 motions challenging the convictions in *Ware I* and *Ware II*. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams*, 155 F.3d at 584. If Ware does not wish to pursue relief under § 2255 for either conviction, he may notify the Court in writing within 60 days that he wishes to withdraw one or both motions. The Court is giving Ware notice and granting him an opportunity to withdraw the motions because "any subsequent motion under § 2255" will be subject to "the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." *Castro*, 540 U.S. at 377 (citation omitted); *see* 28 U.S.C. § 2255(h) ("A second or successive [Section 2255] motion must be certified . . . by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

The Court severs Ware's petition into two separate motions under 28 U.S.C. § 2255. The Court will consider this action, No. 22-cv-3409, as a § 2255 motion directed at the conviction in W*are I*, No. 05-cr-1115 (ER), and directs the Clerk of Court to change the designation of this case to a § 2255 motion. The Clerk of Court is further directed to open a new civil action under § 2255 to consider Ware's claims arising out of the judgment of conviction under *Ware II*, No. 04-cr-1224 (ER). The Clerk of Court is also instructed to file a copy of the petition (ECF 1) and this order in the new civil action.

If Ware does not wish to pursue relief under § 2255 for either of his criminal convictions, as directed above, he may notify the Court in writing within 60 days that he wishes to withdraw one or both motions. If Ware does not inform the Court of his intent within 60 days, the severed petition will remain designated as two motions under § 2255. As further directed below, if Ware wishes to pursue relief under § 2255, he must file a separate amended § 2255 motion in each case raising all of his grounds for relief.

**C.      Ware Must Submit Amended § 2255 Motions**

   **1.      The Proper Respondent for a § 2255 Motion**

Ware brings this petition naming as respondents the United States of America, Garland; Monaco, Gupta, Williams, Garnett, Gitner, Strauss, Chief Judge Swain, and the undersigned. Government attorneys and judges are not appropriate respondents for a *habeas corpus* action. The only proper respondent for a *habeas corpus* petition is the petitioner's custodian, a nominal party designated for the Government itself. *See, e.g.*, 28 U.S.C. § 2243; *Padilla v. Rumsfeld*, 542 U.S. 426, 435(2004) ("'The writ of *habeas corpus*' acts upon 'the person who holds [the detainee] in what is alleged to be unlawful custody'"). Moreover, because a § 2255 motion is a further step in a criminal case and not a separate civil action, *see* Rule 4(b) of the Rules Governing Section 2255 Proceedings, the only proper respondent for a § 2255 motion would be the United States of America, *see* 28 U.S.C. § 2255(b); *see also* Adv. Comm. Notes to Rule 4 of the Rules Governing Section 2255 Proceedings ("there is no respondent involved in the [§ 2255]

12

motion (unlike *habeas*) and the United States Attorney, as prosecutor in the case in question, is the most appropriate one to defend the judgment and oppose the motion"); *Heineman v. United States*, No. C 08–02461 (CW), 2008 WL 2608191, at *1 (N.D. Cal. June 27, 2008 (The proper respondent for a § 2255 motion is the United States.).

Accordingly, the Clerk of Court is directed to terminate these parties from this action: the undersigned, Chief Judge Swain, Garland, Monaco, Gupta, Williams, Garnett, Gitner, and Strauss. The United States of America will remain as the sole respondent in this action and the new § 2255 action opened for consideration of Ware's claims arising from *Ware II*.

### 2. Sufficient Grounds for Relief

A movant who files an application to vacate, set aside, or correct a sentence must submit a motion that conforms to the Rules Governing Section 2255 Cases. Rule 2(b) requires a motion to specify *all of a movant's available grounds for relief*, setting forth the facts supporting each of the specified grounds and stating the relief requested. A motion must permit the Court and the respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated.[10]

Ware's petition does not conform to the requirements of Rule 2 because he does not clearly specify his grounds for relief and the supporting facts. He also seeks relief for issues beyond the scope of a § 2255 motion. For example, Ware seeks orders directed at the State Bar of Georgia, the "Garland Law Firm," and other entities and individuals about issues that are, at best, tangentially connected to his criminal convictions and cannot be adjudicated in a § 2255 proceeding. (*See* ECF 1-2, at 34-37.) Further, since the filing of the instant petition, Ware has submitted numerous applications and motions,

---

[10] Rule 2(c) requires that the motion must substantially follow a standard form, such as the form prescribed by this Court. *See* R. Gov. Sec. 2255 Procs. 2(c) (*effective* Feb. 1, 1977).

13

many of which contain the same or similar contentions and requests that he has previously submitted to the Court.

Because a federal defendant generally has only one opportunity for a full adjudication of his grounds for relief under § 2255, the Court grants Ware an opportunity to file amended motions under § 2255 in this action for *Ware I* and the newly opened motion for *Ware II*. Ware must specify all of his available grounds for relief and set forth the facts supporting each ground in the amended motions. The Court will summarily dismiss any claims or issues raised by Ware over which the Court lacks proper jurisdiction or that are frivolous or meritless.

Ware must assert in the amended motions why his convictions and sentences in *Ware I* and *Ware II* were unlawful. Because the Court is giving Ware an opportunity to file applications that comply with Rule 2(b) for each conviction, there is no need to separately review his outstanding submissions. The Clerk of Court is directed to terminate all of Ware's pending requests and motions in this action.

**D.     Applicable Statute of Limitations**

The Court has determined that Ware's § 2255 motions to challenge his convictions in *Ware I* and *Ware II* are untimely. A federal defendant seeking relief under § 2255 must generally file a motion challenging a conviction or sentence within one year from the latest of four benchmark dates: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

**1.     Judgment of Conviction in *Ware I***

Ware's judgment of conviction in *Ware I* was entered on October 30, 2007. *See Ware I*, ECF 1:05-cr-1115, 96. On January 28, 2011, the Second Circuit affirmed the judgment after a remand to the district court. *See United States v. Ware*, 415 F. App'x

14

259 (2d Cir. 2011). Ware's conviction therefore became final on April 28, 2011, at the expiration of the 90-day period to seek a writ of *certiorari* in the Supreme Court. *See Clay v. United States*, 537 U.S. 522 (2003); *see also* S. Ct. R. 13(1), (3) (90-day period to seek *certiorari* runs from entry date of the Court of Appeals' judgment). Ware's time to file a § 2255 motion for *Ware I* expired one year later, on April 30, 2012.[11] The Eastern District of New York received the Ware's petition on March 21, 2022, nearly ten years later.

### 2. Judgment of Conviction in *Ware II*

Ware's judgment of conviction in *Ware II* was entered on February 2, 2009. *See Ware II*, ECF 1:04-cr-1224, 90. The Second Circuit affirmed the judgment on November 4, 2010. *See United States v. Ware*, 399 F. App'x 659 (2d Cir. Nov. 4, 2010). Ware's conviction therefore became final on February 2, 2011, at the expiration of the 90-day period to seek a writ of *certiorari* in the Supreme Court. Ware's time to file a § 2255 motion for *Ware II* expired one year later, on February 2, 2012. As noted above, Ware filed his petition on March 21, 2022, more than ten years later.

### 3. Ware Must Show That Equitable Tolling Applies

Because it is unclear at this stage whether equitable tolling should apply to Ware's § 2255 motions, the Court directs Ware to state facts in his amended motions, showing why the Court should toll the limitation periods.

"[E]quitable tolling pauses the running of. . . a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). It "applies only in rare and exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (cleaned up); *see also Green v. United States*, 260 F.3d 78, 82 (2d

---

[11] Because the last day of the one-year limitations period actually fell on Saturday, April 28, 2012, the limitations period was extended to the next court business day, Monday, April 30, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), (6).

15

Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions). A litigant must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the [movant], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde*, 224 F.3d at 134.

Should he decide to pursue relief under § 2255 for *Ware I* and *Ware II*, Ware is directed to show cause why the two § 2255 motions should not be denied as time-barred. Ware should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting § 2255 motions challenging the convictions and sentences.

## CONCLUSION

The Court denies Plaintiff's motions for recusal (ECF 25, 32, 42) and dismisses from this action the undersigned, Chief Judge Swain, United States Attorney General Merrick B. Garland, Lisa O. Monaco, Vanita Gupta, Damian Williams, Margaret M. Garnett, Daniel Gitner, and Audrey Strauss.

The Court severs Ware's petition into two separate 28 U.S.C. § 2255 motions. The Court will consider this action as a § 2255 motion directed at the conviction in W*are I*, No. 05-cr-1115 (ER), and directs the Clerk of Court to change the designation of this case to a § 2255 motion. The Clerk of Court is further directed to open a new civil action under § 2255 to consider Ware's claims arising out of the judgment of conviction under *Ware II*, No. 04-cr-1224 (ER). The Clerk of Court is also instructed to file a copy of the petition (ECF 1) and this order in the new civil action. The United States of America will remain as the sole respondent in this action and the new § 2255 action.

The Clerk of Court is further directed to terminate all pending requests or motions in this action, No. 22-cv-3409 (ER), ECF 25, 32, 42, 71, 72, 73, 88, 89, 90, 92, 93, 95, 103, 105, 108, 117, 121, 122. The Clerk of Court is also directed to terminate all pending

16

requests or motions in *Ware I*, No. 05-cr-1115 (ER), ECF 227, 230, 239, 241, 242, and 246.

Within 60 days of the date of this order, Ware must notify the Court in writing if he wishes to withdraw one or both motions. If Ware chooses to proceed with the motions, he is directed to file an amended motion in each action containing all of the grounds on which he seeks relief and showing cause why the motions should not be denied as time-barred. The amended motions must be submitted to this Court's Pro Se Intake Unit within 60 days of the date of this order, each must be captioned as "Amended Motion" and bear the docket number of each case. An Amended Motion Under 28 U.S.C. § 2255 form is attached to this order. If Ware fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the motions will be denied. No answer will be required at this time.

Because Ware has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

It is SO ORDERED.

Dated:   December 12, 2022
         New York, New York

                                                     _____
                                                     EDGARDO RAMOS, U.S.D.J.